**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | | |
|---|---|---|
| LISA ALMEIDA, on behalf of herself and all other similarly situated persons, | ) ) ) | **CASE NO.:** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **CLASS ACTION COMPLAINT** |
| AVALONBAY COMMUNITIES, INC. and AVALONBAY ASSEMBLY ROW, INC., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) ) | |

## INTRODUCTION

1.     Plaintiff Lisa Almeida ("Plaintiff" or "Ms. Almeida"), on behalf of herself individually and a proposed class of all others similarly situated, files this Complaint against Defendants AvalonBay Communities, Inc. ("AvalonBay Communities"), and AvalonBay Assembly Row, Inc. ("AvalonBay Assembly") (together, "Defendants" or "AvalonBay"), on the basis that AvalonBay has unlawfully charged and collected attorneys' fees and costs related to the process of evicting residential tenants, without ever obtaining a judgment in its favor, in violation of various provisions of Massachusetts law.

2.     Ms. Almeida, and all those similarly situated, were assessed and paid unlawful charges for attorneys' fees related to the eviction process during the time period relevant to the present action ("Attorneys' Fees").

3.      Ms. Almeida, and all those similarly situated, were also assessed and paid unlawful charges for court costs related to the eviction process during the time period relevant to the present action ("Court Costs").

4.      The charges for Attorneys' Fees and Court Costs shall be hereinafter collectively referred to as "Eviction Fees."

5.      Defendants assess Eviction Fees, in connection with any eviction case brought against their tenants, prior to the issuance of any judgment, order, or review of such fees by a court of law.

6.      Defendants post Eviction Fees on tenants' account ledgers as immediately due and owing, and accept payments for Eviction Fees, without providing to tenants any invoices, itemization of costs, or additional information to account for the Eviction Fees.

7.      Defendants collect payments for Eviction Fees in a manner that allocates all tenants' payments to past due Eviction Fees (and other non-rent charges) before applying such payments to a tenants' most recently monthly rent, leaving tenants in a position where they must pay the Eviction Fees or else face an allegation that they are behind on their rent.

8.      Massachusetts law does not allow for such Eviction Fees to be assessed unilaterally without a judgment in the landlord's favor and court approval of the amount to be awarded.

9.      As such, Plaintiff, and the putative class of all those similarly situated that she seeks to represent, have experienced harm as a result of the Defendants' unconscionable lease terms, the Defendants' breach of contract (or, in the alternative, enforcement of a lease term that is void as against public policy), and the Defendants' unfair and deceptive assessment of these unlawful fees in violation of the Massachusetts Consumer Protection Act.

## **JURISDICTION AND VENUE**

10.    The foregoing allegations are incorporated by reference and re-alleged herein.

11.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"), because (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interests and costs, and (iii) there is minimal diversity because at least one member of the Class and Defendants are citizens of different states.

12.    This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiffs and Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.    This Court has personal jurisdiction over Defendants pursuant to 18 U.S.C. § 1965 because Defendants maintain minimum contacts with the Commonwealth of Massachusetts and intentionally avail themselves of the laws of the United States and the Commonwealth by conducting a substantial amount of business in Massachusetts. Defendants continuously and systematically own, manage, and lease apartments to tenants in Massachusetts.

14.    For these same reasons venue is proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

**PARTIES**

15.    The foregoing allegations are incorporated by reference and re-alleged herein.

16.    Plaintiff Lisa Almeida is a resident of Middlesex County, Massachusetts, who, at all relevant times, leased an apartment from Defendants at 333 Great River Road in Somerville, Massachusetts ("Avalon at Assembly Row"), which was owned and operated by Defendant AvalonBay Assembly Row, Inc., in coordination with Defendant AvalonBay Communities, Inc.

17.     Defendant AvalonBay Assembly Row, Inc., is, upon information and belief, a foreign corporation registered to conduct business in the Commonwealth of Massachusetts, maintains a business in Middlesex County, Massachusetts, and has regularly engaged in business in Middlesex County, Massachusetts.

18.     Defendant AvalonBay Communities, Inc., is, upon information and belief, a foreign corporation registered to conduct business in the Commonwealth of Massachusetts, and has regularly engaged in business in Middlesex County, Massachusetts. Upon information and belief, AvalonBay Communities, Inc., managed the Avalon at Assembly Row apartments during the relevant time period.

## FACTS

*Defendants' Eviction Fees*

19.     Defendant AvalonBay Communities, a publicly traded company, is a multifamily real estate investment trust (REIT) focused on developing, acquiring, and managing distinctive communities in select U.S. markets.[1]

20.     As of March 31, 2025, AvalonBay Communities, Inc. owned or held a direct or indirect ownership interest in approximately 306 apartment communities containing 94,865 apartment homes in eleven states and the District of Columbia.[2]

21.     AvalonBay Assembly, Inc. is the owner of the Avalon at Assembly Row.

22.     Upon information and belief, AvalonBay Communities, Inc. manages and controls the affairs, including the billing, collections, and eviction policies, of Avalon at Assembly Row.

---

[1] https://www.avaloncommunities.com/about-us/ (last visited September 15, 2025).
[2] https://investors.avalonbay.com/news-events/press-releases/detail/414/avalonbay-communities-advances-portfolio-optimization-efforts-through-planned-acquisition-of-eight-apartment-communities-in-texas-and-reaffirms-outlook

23.     Upon information and belief, AvalonBay uses a standard form lease (the "Lease") for all, or substantially all, tenants residing in AvalonBay units in Massachusetts.

24.     The Lease is unilaterally prepared and proposed by AvalonBay, with no, or else very minimal, input, or opportunity to provide commentary or edits, by the Tenant.

25.     Pursuant to the Lease, tenants who default under the Lease agree to pay AvalonBay "[a]ll costs, fees, including attorney's fees, litigation and collection costs that [AvalonBay] incur[s] in enforcing [their] rights under the Lease."

26.     Pursuant to this term in the Lease, AvalonBay assesses tenants Attorneys' Fees and Court Costs on their Tenants.

27.     AvalonBay accepts payments from tenants for Attorneys' Fees and Court Costs after posting these Eviction Fees as immediately due and owing on tenants' ledgers, notwithstanding the legal requirements dictating when such fees may be lawfully charged.

28.     Upon information and belief, AvalonBay does not provide invoices or any detailed information to tenants with regard to charges from its own legal counsel underlying the Eviction Fees; AvalonBay instead enters Eviction Fees as a lump sum on tenants' ledgers as immediately due and owing.

29.     The Lease fails to state that tenants will be assessed these Eviction Fees even if an eviction case brought against them is voluntarily dismissed by AvalonBay without AvalonBay succeeding in the litigation.

30.     The Lease fails to state that tenants will be assessed these Eviction Fees even if they, for example, prevail in litigation or lawfully withhold rent pursuant to Mass. Gen. Laws c. 239, § 8A, among other defenses that tenants may lawfully assert.

31.     Upon information and belief, AvalonBay has a pattern and practice of bringing eviction cases against its tenants and assessing Eviction Fees to tenants without a judgment in its favor nor a ruling from any court of competent jurisdiction.

32.     AvalonBay posts to tenants' account ledgers Eviction Fees prior to any decision by a Massachusetts court that these fees will be awarded or that AvalonBay is entitled to a judgment in its favor.

33.     AvalonBay assesses Attorneys' Fees without any judicial determination of the successful party in an eviction case, despite the language of Mass. Gen. Laws c. 186, § 20, which provides for an award of attorneys' fees only to the prevailing party in a residential landlord-tenant lawsuit.

34.     Specifically, Mass. Gen. Laws c. 186 § 20 states:

Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees and expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease *or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease,* and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the landlord or by way of counterclaim in any action or summary proceeding commenced by the landlord against the tenant. Any waiver of this section shall be void as against public policy." (emphasis added).

35.     Because fees may be awarded to a tenant under Mass. Gen. Laws c. 186 § 20 when the tenant successfully defends a summary process eviction proceeding, it follows that a landlord must likewise prevail in prosecuting its claims in order to be entitled to attorneys' fees.

36.    AvalonBay's practice of charging Court Costs to tenants prior to judgment runs in contradiction to Mass. Gen. Laws c. 239, § 3, which provides that costs shall be awarded only after "the court finds that the plaintiff is entitled to possession."

37.    Conversely, "[i]f the plaintiff becomes nonsuit or fails to prove his right to possession, the defendant shall have judgment and execution for costs." *Id.*

38.    AvalonBay posts Court Costs to tenant ledgers as immediately due and owing regardless of whether a tenant elects to exercise their right to cure pursuant to Mass. Gen. Laws c. 186, § 11, or instead pursues defenses and/or counterclaims that, if successful, would relieve the tenant from liability for AvalonBay's Court Costs.

39.    AvalonBay's practice of requiring a tenant to pay the Eviction Fees, regardless of the tenant's potential defenses to its eviction case, unlawfully forces the tenant to unilaterally indemnify the landlord for these costs incurred in seeking their eviction, whether paid to the court, a process server, or their legal counsel, in violation of Mass. Gen. Laws c. 186, § 15.

40.    Mass. Gen. Laws c. 186, § 15 provides that:

Any provision of a lease or other rental agreement relating to real property whereby a lessee or tenant enters into a covenant, agreement or contract, by the use of any words whatsoever, the effect of which is to indemnify the lessor or landlord or hold the lessor or landlord harmless, or preclude or exonerate the lessor or landlord from any or all liability to the lessee or tenant, or to any other person, for any injury, loss, damage or liability arising from any omission, fault, negligence or other misconduct of the lessor or landlord on or about the leased or rented premises or on or about any elevators, stairways, hallways or other appurtenance used in connection therewith, shall be deemed to be against public policy and void.

41.    Upon information and belief, AvalonBay assesses Eviction Fees without any regard to defenses that residential tenants may put forth pursuant to Mass. Gen. Laws c. 239, § 8A ("Section 8A"), or otherwise, in a manner that waives and/or unduly burdens the tenant's right to defend against an eviction by charging them escalating fees for asserting defenses to their eviction.

42.     Section 8A provides a tenant with a defense against a landlord's suit for possession based on nonpayment of rent or no-fault termination where the tenant has damages from counterclaims that equal or exceed the landlord's damages.  It also provides the tenant with a defense to the landlord's suit for possession where the tenant's damages are less than the landlord's damages, but the tenant pays the difference within the statutory period.

43.     Mass. Gen. Laws c. 239, § 8A, paragraph 4 specifically provides:

There shall be no recovery of possession under this chapter if the amount found by the court to be due the landlord equals or is less than the amount found to be due the tenant or occupant by reason of any counterclaim or defense under this section. If the amount found to be due the landlord exceeds the amount found to be due the tenant or occupant, there shall be no recovery of possession if the tenant or occupant, within one week after having received written notice from the court of the balance due, pays to the clerk the balance due the landlord, together with interest and costs of suit, less any credit due the tenant or occupant for funds already paid by him to the clerk under this section. In such event, no judgment shall enter until after the expiration of the time for such payment and the tenant has failed to make such payment…Any provision of any rental agreement purporting to waive the provisions of this section shall be deemed to be against public policy and void.

44.     Thus, Section 8A permits a tenant to raise any counterclaims related to the tenancy to offset the rent. Under AvalonBay's Lease, Tenants must make the choice of asserting their right to defend against their eviction case and face a significant bill for Eviction Fees or not assert their defenses at all.

45.     Tenants pay these Eviction Fees upon the belief that if they do not, they will be evicted and forced to leave their homes.

46.     Upon information and belief, AvalonBay receives payments from tenants and allocates them toward unpaid Eviction Fees before applying payments toward a tenant's rent, thus resulting in charges for unpaid rent accruing on a tenant's account even if a tenant does not intend to pay Eviction Fees rather than their monthly rent.

47.     For context, AvalonBay is not alone in its failure to file petitions for attorneys' fees, despite charging tenants for its alleged costs incurred in pursuing their eviction.

48.     From 2011 to 2019, less than one percent of all Massachusetts Housing Court summary process cases had a petition to provide for attorneys' fees. **Exhibit 1**.

49.     **Exhibit 1** is a true and accurate copy of the Massachusetts Trial Court, Department of Research and Planning's Housing Court Summary Process Report. [3]

50.     Of the 250,000 summary process cases filed in Massachusetts Housing Court from 2011 to 2019, only 1,240 cases had a fee petition. *Id*.

51.     While few petitions are filed, even fewer are granted.

52.     In 2014, a Massachusetts Access to Justice Commission surveyed 33,000 summary process cases and found that only 147 had fees awarded. *Id*.

***Ms. Almeida's Experience with Defendants' Eviction Fees***

53.     On or about May 1, 2014, Ms. Almeida entered into a lease agreement ("Agreement") with AvalonBay Communities for her apartment, unit #448 at the Avalon at Assembly Row, an AvalonBay Communities operated building in Somerville, Massachusetts.

54.     The Agreement stated that if Ms. Almeida were to default on any terms of the lease, she would agree to pay AvalonBay "all costs and fees, including attorney's fees, litigation and collection costs that [AvalonBay] incur[s] in enforcing [its] rights under [her] Lease to the fullest extent to which [AvalonBay is] entitled to collect such sums from [Ms. Almeida] under applicable law." **Exhibit 2, at ¶ 21**.

55.     **Exhibit 2** is a true and accurate copy of Plaintiff's Apartment Lease Contract.

---

[3] https://www.mass.gov/doc/summary-process-fee-shifting-dispositions-and-other-practices/download?_ga=2.176645920.400618149.1752164684-145848510.1752164684&_gl=1*17jz17i*_ga*MTQ1ODQ4NTEwLjE3NTIxNjQ2ODQ.*_ga_MCLPEGW7WM*c zE3NTIxNjQ2ODQkbzEkZzEkdDE3NTIxNjQ3NDEkajMkbDAkaDA., (last visited July 10, 2025).

56.    During Ms. Almeida's 7-year, 8-month residence at the Subject Property, AvalonBay assessed approximately $2,344.40 in Eviction Fees onto her rental ledger. **Exhibit 3**.

57.    **Exhibit 3** is a true and accurate copy of Plaintiff's Complete Residential Rental Account Ledger.

58.    As shown on her ledger, these costs are identified as "Legal Costs/Evictions". There is no further specification about whether the charges are Court Costs and/or Attorneys' Fees, what they specifically represent, and how they were calculated.

59.    As shown on her ledger, charges for Eviction Fees labeled as "Legal Costs/Evictions" are co-mingled with rent and other non-rent charges. Ms. Almeida's payments are not explicitly applied to any given charge and instead are applied to the overall balance on all charges on her account.

60.    Defendants put these "Legal Costs/Evictions" on Ms. Almeida's ledger on multiple occasions, including but not limited to, as follows:

    a.    On October 4, 2019, Defendants posted "Legal Costs/Evictions" fee of $150.00;

    b.    On October 15, 2019, Defendants posted "Legal Costs/Evictions" fee of $57.00;

    c.    On November 12, 2019, Defendants posted "Legal Costs/Evictions" fee of $230.00;

    d.    On December 7, 2020, Defendants posted "Legal Costs/Evictions" fee of $150.00;

    e.    On January 15, 2021, Defendants posted "Legal Costs/Evictions" fee of $230.63;

    f.    On May 4, 2021, Defendants posted "Legal Costs/Evictions" fee of $150.00;

    g.    On July 15, 2021, Defendants posted "Legal Costs/Evictions" fee of $214.44;

    h.    On July 27, 2021, Defendants posted "Legal Costs/Evictions" fee of $150.00;

    i.    On August 10, 2021, Defendants posted "Legal Costs/Evictions" fee of $150.00;

j.   On October 5, 2021, Defendants posted "Legal Costs/Evictions" fee of $150.00;

k.   On October 19, 2021, Defendants posted "Legal Costs/Evictions" fee of $62.00; and,

l.   On November 3, 2021, Defendants posted "Legal Costs/Evictions" fee of $233.33.

61.   AvalonBay has never provided Plaintiff with an itemized receipt nor details or accounting of these fees.

62.   Ms. Almeida paid, or caused to be paid, the Eviction Fees because she believed that if they were not paid, she would be evicted.

63.   Ms. Almeida believed that, due to AvalonBay's practice of unilaterally allocating her payments to all past due charges. rather than strictly to rent when rent payments were made, she had to pay all non-rent charges, including Eviction Fees, in full in order to be considered current on her rent.

64.   Ms. Almeida's fear of eviction for being behind on fees was reasonable given that she had an active summary process eviction case pending against her and had previously faced eviction.

65.   Ms. Almeida paid, or caused to be paid, the Eviction Fees before any Massachusetts court's determination of reasonable costs and fees related to any eviction proceedings initiated against her.

66.   Ms. Almeida paid, or caused to be paid, the Eviction Fees before any Massachusetts court's determination that AvalonBay succeeded in litigation against her. In fact, AvalonBay never filed a petition for attorneys' fees within any Massachusetts court.

## CLASS ALLEGATIONS

67.    Pursuant to the Federal Rules of Civil Procedure, § 23, Plaintiff brings this Class Action individually and on behalf of the following class and sub-classes, which are tentatively defined as follows:

> All individuals in the Commonwealth of Massachusetts who, during the applicable limitations period were assessed and paid Eviction Fees to Defendants without a court entering a judgment in their favor in the relevant eviction matter and without a court or tribunal of competent jurisdiction awarding Eviction Fees to the Defendants (the "Class"). All employees of Defendants, the Court, and Plaintiff's counsel are excluded from the Class.

68.    The Class is composed of two sub-classes (the "Sub-Class[es]").

69.    The first Sub-Class is defined as individuals who were assessed and paid Attorneys' Fees to Defendants without a court entering a judgment in their favor in the relevant eviction matter and without a court or tribunal of competent jurisdiction awarding Attorneys' Fees to the Defendants (the "Attorneys' Fees Sub-Class").

70.    The second Sub-Class is defined as individuals who were assessed and paid Court Costs to Defendants without a court entering a judgment in their favor in the relevant eviction matter and without a court or tribunal of competent jurisdiction awarding Court Costs to the Defendants (the "Court Costs Sub-Class").

71.    The Sub-Classes are not exclusive, and individuals may belong to more than one Sub-Class.

72.    Certification is sought on behalf of each Sub-Class independently, and on behalf of the Class as a whole.

73.    Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or Sub-Classes before or after the Court determines whether such certification is appropriate as discovery progresses.

74.    **Numerosity**: The Class and Sub-Classes are comprised of hundreds, if not thousands, of tenants throughout the Commonwealth of Massachusetts. The Class and Sub-Classes are so numerous that joinder of all members of the Class is impracticable. The precise number of Class and Sub-Class members is unknown to Plaintiff, but the precise number and identity of Class and Sub-Class members are easily identifiable through Defendants' records.

75.    **Commonality**: This action involves common questions of law and fact, which predominate over any questions affecting individual Class and Sub-Class members. These common legal and factual questions include, but are not limited to, the following:

a.    Whether the Defendants breached the Lease by charging Eviction Fees, including Attorneys' Fees and/or Court Costs, prior to an award of judgment in their favor.

b.    Whether the clause in the Lease upon which the Defendants base the Eviction Fees, including Attorneys' Fees and/or Court Costs, is void as a matter of public policy.

c.    Whether the clause in the Lease upon which the Defendants base the Eviction Fees, including Attorneys' Fees and/or Court costs, is unconscionable and thus void.

d.    Whether Defendants' assessment of, demanding payment for, and actual collection of Eviction Fees, including Attorneys' Fees and/or Court costs, prior to a judgment from a Massachusetts court, and without any itemization nor detail, was unfair and deceptive in violation of Mass. Gen. Laws c. § 93A, *et seq*.

76.    **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class and Sub-Classes because *inter alia*, all Class and Sub-Class members were injured through the uniform misconduct described above, all members of the Class have been assessed Eviction Fees, all members of the Attorneys' Fees Sub-Class have been assessed Attorneys' Fees, and all members of the Court Costs Sub-Class have been assessed Cost Costs, prior to the issuance of any

judgment or assessment of fees by a court of law, and Plaintiff is advancing the same claims and legal theories on behalf of themselves and all Class members.

77. **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub-Classes. Plaintiff has retained counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class and/or Sub-Classes. To prosecute this case, Plaintiff has chosen the undersigned law firms, which have the financial and legal resources to meet the substantial costs and legal issues associated with this type of class litigation. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

78. **Predominance**: Defendants have engaged in a common course of conduct towards Plaintiff, Class members, and Sub-Class members, in that all claims by Plaintiff and the unnamed Class and Sub-Class members are based on the common course of conduct by Defendants to charge unlawful Eviction Fees to Plaintiff and the unnamed Class members, unlawful Attorneys' Fees to the Attorneys' Fees Sub-Class, and unlawful Court costs to the Court Costs Sub-Class.

79. The questions of law or fact common to Plaintiff's and each Class/Sub-Class member's claims predominate over any questions of law or fact affecting only individual members of the Class and/or Sub-Class. Common issues predominate when, as here, liability can be determined on a class-wide basis, even when there will be individualized damages determinations.

80. As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the Class and/or Sub-Class as is in the case at bar, common questions will be held to predominate over individual questions.

81. **Superiority**: A class action is superior to individual actions in part because of non-exhaustive factors listed below:

a.  Joinder of all Class and Sub-Class members would create extreme hardship and inconvenience for the affected tenants as they reside throughout the state;

b.  Individual claims by Class and Sub-Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class or Sub-Class member has at stake. As a result, individual Class or Sub-Class members have no interest in prosecuting and controlling separate actions;

c.  There are no known individual Class or Sub-Class members who are interested in individually controlling the prosecution of separate actions;

d.  The interests of justice will be well served by resolving the common disputes of potential Class or Sub-Class members in one forum;

e.  Individual suits would not be cost-effective or economically maintainable as individual actions; and

f.  The action is manageable as a class action.

82.  Defendants have acted on grounds generally applicable to the Class by engaging in a common course of conduct by charging Eviction Fees to Plaintiff and the unnamed Class members, including Attorneys' Fees to the Attorneys' Fees Sub-Class and Court Costs to the Court Costs Sub-Class, thereby making appropriate final declaratory and injunctive relief with respect to the Class as a whole, as well as to the Sub-Classes independently.

83.  All conditions precedent prior to filing have been met on the part of the Plaintiff and all those similarly situated whom she seeks to represent.

<u>**COUNT I**</u>
**BREACH OF CONTRACT**
*On behalf of the Plaintiff, Class, Attorneys' Fees Sub-Class, and Court Costs Sub-Class*

84.     Plaintiff, Class members, and Sub-Class members incorporate the previous allegations as though fully set forth herein.

85.     The Lease term pursuant to which the Defendants charged the Eviction Fees contained within the Lease of Ms. Almeida and the Class (the "Eviction Fees Clause") states that tenants "agree to pay [AvalonBay] all costs and fees, including attorney's fees, litigation and collection costs that we incur in enforcing our rights under this Lease, to the fullest extent to which we are entitled to collect such sums from you under applicable law."

86.     The Eviction Fees Clause limits Ms. Almeida and the Class to payment of sums in attorney's fees, litigation and collection costs *which AvalonBay is entitled to collect under applicable law.*

87.     AvalonBay has assessed and collected Eviction Fees which it is not entitled to collect under applicable law.

88.     AvalonBay has assessed and collected Eviction Fees from Ms. Almeida and the Class without entitlement to collect such sums, as it did not receive a judgment in its favor, nor a court order awarding it Eviction Fees, as is required by Massachusetts law.

89.     AvalonBay has breached its contract (the Lease), by violating the Eviction Fees Clause, when it charged Ms. Almeida and the Class for Eviction Fees to which it was not entitled by law.

90.     AvalonBay breached its contract by violating the Eviction Fees Clause, when it charged Ms. Almeida and the Attorneys' Fees Sub-Class for Attorneys' Fees to which it was not entitled by law.

91.    AvalonBay breached its contract by violating the Eviction Fees Clause, when it charged Ms. Almeida and the Court Costs Sub-Class for Court Costs to which it was not entitled by law.

92.    In so breaching its contract, AvalonBay has caused Ms. Almeida, the Class, and the Sub-Classes harm, for which Ms. Almeida, the Class, and the Sub-Classes have incurred damages.

## COUNT II
## VOIDABILITY (AS A MATTER OF PUBLIC POLICY)
### (Pled in the alternative)
### *On behalf of the Plaintiff, Class, Attorneys' Fees Sub-Class, and Court Costs Sub-Class*

93.    Plaintiff, Class members, and Sub-Class members incorporate the previous allegations as though fully set forth herein.

94.    Assuming *arguendo* that the Eviction Fees Clause is interpreted to allow for the assessment and collection of Eviction Fees prior to AvalonBay obtaining a judgment in its favor and an award of Eviction Fees, the Eviction Fees Clause is voidable as a matter of public policy.

95.    The Eviction Fees Clause imposes a charge upon Ms. Almeida and the Class for any attempts taken by AvalonBay to evict without any regard to defenses that may be lawfully asserted to an eviction case.

96.    The effect of the Eviction Fees Clause and the Eviction Fees is that tenants must pay increasing fees in order to defend against an eviction case that AvalonBay brings against them, with no regard to the merit of AvalonBay's claims nor the tenants' defenses.

97.    The Eviction Fees Clause is therefore an unlawful waiver of a tenant's rights under Mass. Gen. Laws c. 239, § 8A and other relevant provisions containing a residential tenant's right to defend against their eviction.

98.    As a result of this unlawful burden of a residential tenants' rights (which itself acts as a waiver of those rights), the Eviction Fees Clause is voidable as against public policy.

99.     Because it is voidable as against public policy, the entire Eviction Fees Clause, including any Eviction Fees, whether Attorneys' Fees and/or Court Costs, assessed and/or collected pursuant to such a clause, should be declared contrary to public policy, unlawful, and void.

100.    Any Eviction Fees that AvalonBay collected pursuant to this unlawful clause in contravention of public policy were unlawfully collected from the Class.

101.    Any Attorneys' Fees collected pursuant to this unlawful clause in contravention of public policy were unlawfully collected from the Attorneys' Fees Sub-Class.

102.    Any Court Costs collected pursuant to this unlawful clause in contravention of public policy were unlawfully collected from the Court Costs Sub-Class.

<u>**COUNT III**</u>
**UNCONSCIONABILITY**
**(Pled in the alternative)**
***On behalf of the Plaintiff, Class, Attorneys' Fees Sub-Class, and Court Costs Sub-Class***

103.    Plaintiff, Class members, and Sub-Class Members incorporate the preceding allegations as though fully set forth herein.

104.    Assuming *arguendo* that the Eviction Fees Clause is interpreted to allow for the assessment and collection of Eviction Fees prior to AvalonBay obtaining a judgment in its favor and an award of Eviction Fees, the Eviction Fees Clause is unconscionable and thus unenforceable.

105.    Specifically, as set forth above, the Eviction Fees Clause was procedurally unconscionable, including but not limited to the fact that the parties to such Lease had extremely unequal bargaining power in that:

        a.    AvalonBay is a large, publicly traded, national corporation, providing housing in a metropolitan area experiencing a well-known housing shortage;

        b.    The Lease was a contract of adhesion and drafted by AvalonBay exclusively;

c.  Tenants had little to no opportunity to negotiate changes to the terms of the contract;

d.  There are material omissions in the way in which the Eviction Fees Clause is drafted; and,

e.  The Lease containing the Eviction Fees Clause is several dozen pages long of single space text and was drafted in such a way that it would be difficult for a tenant to understand the details of every last term before signing.

106.    Further, as set forth above, the Contract is substantively unconscionable and contains unfair, one-sided terms, including but not limited to the fact that:

a.  It states that AvalonBay will recover all of its costs and fees, including attorneys' fees, with no limit on the reasonability or verifiability of those fees or even a requirement that it provide the tenant with an itemization;

b.  It states that AvalonBay will recover all costs and attorneys' fees regardless of the success of its claims or the tenant's defenses to such claims;

c.  It states nothing of a tenant's right to seek recovery of a tenant's own costs spent in attorneys' fees and costs in the case that AvalonBay is unsuccessful in litigating against a tenant; and,

d.  It provides no exception for cases in which a tenant lawfully invokes their rights pursuant to Mass. Gen. Laws c. 239, §8A, or otherwise.

107.    As a result, the Eviction Fees Clause is unconscionable and the entire Eviction Fees Clause should be declared unconscionable, unlawful, and void.

108.    Any Eviction Fees that AvalonBay assessed and/or collected pursuant to this unconscionable clause should be declared unconscionable, unlawful, and void.

109.    Any Attorneys' Fees assessed and/or collected pursuant to this unconscionable clause were unlawfully collected from the Attorneys' Fees Sub-Class.

110.    Any Court Costs assessed and/or collected pursuant to this unconscionable clause were unlawfully collected from the Court Costs Sub-Class.

**COUNT IV**
**MASSACHUSETTS CONSUMER PROTECTION ACT ("CHAPTER 93A")**
**Mass. G. L. c. 93A, *et seq.***
***On behalf of the Plaintiff, Class, Attorneys' Fees Sub-Class, and Court Costs Sub-Class***

111.    Plaintiff, Class members, and Sub-Class members incorporate the previous allegations as though fully set forth herein.

112.    Plaintiff brings this claim against Defendants individually and on behalf of members of the putative Class, as well as the Sub-Classes.

113.    Section 2 of Chapter 93A provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

114.    Plaintiff, Class Members, and Defendants are "persons" pursuant to Mass. Gen. Laws c. 93A, § 1(a).

115.    Defendants are involved in "trade" and "commerce" by leasing property subject to Mass. Gen. Laws 93A, § 1(b).

116.    As a direct and proximate result of Defendants' deceptive acts and practices undertaken in trade and commerce, Plaintiff, the Class, and the Sub-Classes have suffered harm.

117.    Defendants have caused substantial injury to Plaintiff, the Class, and the Sub-Classes, including, but not limited to, out of pocket financial loss, insofar as Plaintiff and Class members have had to spend hundreds, if not thousands of dollars, on Eviction Fees, including said

out of pocket financial loss in the form of money spent on Attorneys' Fees for the Attorneys' Fees Sub-Class and Court Costs for the Court Costs Sub-Class.

118.    On July 7, 2025, Ms. Almeida, on behalf of herself and all those similarly situated, through counsel, sent demands for relief to Defendants via certified mail, return receipt requested, with an additional copy sent via first class mail, which reasonably described unfair and deceptive acts and practices complained of herein and injuries suffered as a result.

119.    Defendants received Ms. Almeida's demand letter, and, while they provided a written response to the letter, dated August 12, 2025, they failed to make a reasonable written tender of settlement to Ms. Almeida within 30 days.

120.    All conditions precedent for bringing this M.G.L. c. 93A claim have been met.

121.    Defendants' conduct was a willful and knowing violation of M.G.L. c. 93A, § 2.

122.    Defendants' failure to provide a reasonable tender of settlement was in bad faith because Defendants had knowledge or reason to know that their conduct violated M.G.L. c. 93A, § 2.

### Defendants' Violation of the Attorney General's Landlord-Tenant Regulations (940 C.M.R. § 3.17)

123.    It is an unfair and deceptive practice to "[r]etain as damages for a tenant's breach of lease . . . any amount which exceeds the damages to which he is entitled under the law, or an amount which the parties have otherwise agreed as to the amount of the damages" 940 C.M.R § 3.17(6)(c).

124.    As stated herein, Attorneys' Fees and Court Costs, imposed without a judicial determination of AvalonBay's success in litigation, award of entitlement to the fee, nor proof of reasonableness of the amount, are unlawful.

125.     As stated herein, the Eviction Fees Clause is unlawful, unconscionable, and void as a matter of public policy.

126.     Any Eviction Fees obtained pursuant to the Eviction Fees Clause were therefore unlawfully obtained.

127.     Retaining Attorneys' Fees and Court Costs as a form of damages based on a tenant's alleged breach of the terms of their lease is an unfair and deceptive practice in violation of 940 C.M.R § 3.17(6).

128.     AvalonBay's assessment of Eviction Fees on Ms. Almeida and the Class, assessment of Attorneys' Fees on the Attorneys' Fees Sub-Class, and assessment of Court Costs on the Court Costs Sub-Class, as a form of alleged damages pursuant to an unlawful lease term, is an unfair and deceptive practice in violation of Chapter 93A.

### Defendants' Violation of the Attorney General's Unfair Debt Collection Regulations (940 C.M.R. § 7 et. seq.)

129.     Ms. Almeida and other Class members are "debtors" within the meaning of 940 CMR 7.03 because Defendants allege liability for a consumer debt, i.e. rent, incurred primarily for personal, family, or household purposes.

130.     Defendants are creditors within the meaning of 940 C.M.R. § 7.03 in that they "engaged in collecting a debt owed or alleged to be owed to [them] by a debtor."

131.     The Eviction Fees are a consumer debt incurred by residential tenants for the personal, family, or household purpose of providing themselves with shelter.

132.     Defendants' collection activities related to the Eviction Fees include, but are not limited to, posting Eviction Fees as due and owing on tenants' rental account ledgers, sending notices regarding unpaid amounts, accepting payments for such fees, and initiating legal action to collect on such fees.

133.    It is an unfair and deceptive practice to make "[a]ny knowingly false or misleading representation in any communication as to the character, extent or amount of the debt, or as to its status in any legal proceeding[.]" 940 C.M.R. § 7.07(2).

134.    AvalonBay's representation on tenant ledgers, through collection notices, in litigation activity, and/or in any other form that Ms. Almeida and the Class owe Eviction Fees, and/or that the members of the Attorneys' Fees Sub-Class owe Attorneys' Fees, and/or that members of the Court Costs Sub-Class owe Court Costs, without any judicial determination of the merits of AvalonBay's claims and its entitlement to the fees, is a misrepresentation of the character, extent, and amount of the debt that tenants owe.

135.    It is an unfair and deceptive practice to make "[a]ny representation that an existing obligation of a debtor may be increased by the addition of attorneys' fees . . . if in fact such fees or charges may not legally be added to the existing obligation." 940 C.M.R. § 7.07(6).

136.    AvalonBay's representation on tenant ledgers, through collection notices, in litigation activity, and/or in any other form that Ms. Almeida and the Class owe Eviction Fees, and/or that the members of the Attorneys' fee Sub-Class owe Attorneys' Fees, without any judicial determination of the merits of AvalonBay's claims and its entitlement to the fees, is a representation that attorneys' fees can be added to the debt that AvalonBay alleges its tenants owe before such can be legally added.

137.    It is an unfair and deceptive practice to make "[a]ny false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor." 940 CMR § 7.07(8).

138.    AvalonBay's representation on tenant ledgers, through collection notices, in litigation activity, and/or in any other form that Ms. Almeida and the Class owe Eviction Fees,

and/or that the members of the Attorneys' fee Sub-Class owe Attorneys' Fees, and/or that members of the Court Costs Sub-Class owe Court Costs, without any judicial determination of the merits of AvalonBay's claims and its entitlement to the fees, is a false, deceptive, and misleading communication in connection with the collection of debts for unpaid rent or otherwise.

139.    It is an unfair and deceptive practice to engage in the "collection of any amount (including interest, fees, charges or expenses incidental to the principal obligation) unless such an amount is expressly authorized by law or authorized by an agreement creating the debt." 940 C.M.R. § 7.07(16).

140.    AvalonBay's collection of Attorneys Fees' and Court Costs, without any judicial determination as to the merits of AvalonBay's claims and its entitlement to the fees, is the collection of an amount of fees and charges incidental to the principle obligation of rent that are not authorized by law.

141.    AvalonBay's assessment of Eviction Fees on Ms. Almeida and the Class, and/or the assessment of Attorneys' Fees on the members of the Attorneys' Fees Sub-Class, and/or the assessment of Court Costs on members of the Court Costs Sub-Class, is a violation of the Attorney General's regulations at 940 C.M.R § 7 *et seq.* and, therefore, is an unfair and deceptive practice in violation of Chapter 93A.

***Defendants' Violation of Mass. Gen. Laws c. 93, § 49 as a Per Se Violation of Chapter 93A***

142.    Ms. Almeida and other Class members are "debtors" within the meaning of Mass. Gen. Laws c. 93, § 49 because Defendants allege liability for a consumer debt, i.e. rent, incurred primarily for personal, family, or household purposes.

143.    Defendants are creditors within the meaning of Mass. Gen. Laws c. 93, § 49, in that they are "engaged in collecting a debt owed or alleged to be owed to [them] by a debtor."

144.    It is an unfair and deceptive practice to collect on a consumer debt "in an unfair, deceptive or unreasonable manner."  Mass. Gen. Laws c. 93, § 49.

145.    It is unfair, deceptive, and unreasonable in violation of Mass. Gen. Laws c. 93, § 49 to charge to, and collect from, residential tenants Attorneys' Fees and Court Costs without any judicial determination of judgment in the landlord's favor.

146.    AvalonBay's violation of Mass. Gen. Laws c. 93, § 49 in charging Ms. Almeida and the Class Eviction Fees, in charging Attorneys' Fees to the Attorneys' Fees Sub-Class, and in charging Court Costs to the Court Costs Sub-Class, is a *per se* violation of Chapter 93A.

***Defendants' Violation of the General Prohibition Against Unfair and Deceptive Practices***

147.    Chapter 93A forbids individuals and corporate entities from engaging in unfair and deceptive practices in trade and commerce.

148.    An act is "unfair" in violation of Chapter 93A if it is "within at least the penumbra of some common-law, statutory, or other established concept of unfairness[,]" if it is "is immoral, unethical, oppressive or unscrupulous[,]" or if it "causes substantial injury to consumers." Walsh v. TelTech Sys., Inc., 821 F.3d 155, 160 (1st Cir. 2016).

149.    Per the Massachusetts Attorney General's regulations, it is unfair and deceptive if an act "is oppressive or otherwise unconscionable in any respect[.]" 940 C.M.R § 3.16(1).

150.    The Eviction Fees imposed upon tenants by AvalonBay are unfair in violation of Chapter 93A because they are within the penumbra of common law and statutory concepts of unfairness, are oppressive and unscrupulous, and cause substantial injury to consumers in the manner that they unilaterally impose hundreds, if not thousands, of dollars in additional fees, for Attorneys' Fees and Court Costs incurred by AvalonBay, upon tenants who have protected rights

to defend against their eviction in court without fees being assessed upon them before any judicial determination of the merit of AvalonBay's claims.

151.    The Attorneys' Fees and Court Costs, as imposed prior to any determination of judgment in AvalonBay's favor, are uniquely unfair and deceptive, causing substantial injury to tenant consumers who have limited means of defending against the imposition of such fees, regardless of the outcome of eviction actions brought against them by AvalonBay.

152.    AvalonBay has engaged in unfair and deceptive practices in violation of the general prohibition of Chapter 93A when imposing the Eviction Fees upon Ms. Almeida and the Class, when imposing Attorneys' Fees on the Attorneys' Fees Sub-Class, and when imposing Court Costs on the Court Costs Sub-Class.

## COUNT V
## DECLARATORY JUDGMENT
## Mass. G. L. c. 231A, § 1
### *On behalf of the Plaintiff, Class, Attorneys' Fees Sub-Class, and Court Costs Sub-Class*

153.    Plaintiff, Class members, and Sub-Class members incorporate the previous allegations as though fully set forth herein.

154.    Plaintiff brings this claim against Defendants individually and on behalf of members of the putative Class and Sub-Classes.

155.    An actual controversy has arisen regarding the breach and/or legality of the Eviction Fees Clause in the Lease.

156.    An actual controversy has arisen regarding Defendants' compliance with Mass. G.L. c. 93A, *et seq.*

157.    Pursuant to Mass. G. L. c. 231A, § 1, Plaintiff, the Class members, and the Sub-Class members, insofar as a Declaration may be relevant to their Sub-Class, seek a declaration that:

a.    Defendants have breached the Eviction Fees Clause of the Lease by assessing and collecting Eviction Fees that it is not entitled to collect under applicable law.

b.    As an alternative to the Defendants' breach of the Eviction Fees clause, the Eviction Fees Clause of the Lease is voidable as against public policy.

c.    As an alternative to the Defendants' breach of the Eviction Fees clause, the Eviction Fees Clause of the Lease is unconscionable, unlawful, and void.

d.    Defendants' assessment of Attorneys' Fees and Court Costs to their tenants' ledger accounts as being legally due and owing violates Mass. Gen. Laws c. 93A, *et seq*.

e.    Defendants' assessment of Attorneys' Fees and Court Costs to tenants is a form of damages to which the Defendants are not legally entitled to collect in violation of 940 C.M.R. § 3.17(6).

f.    Defendants' assessment of Attorneys' Fees and Court Costs is a knowingly false or misleading representation of the character and amount of tenants' rental account balance in violation of 940 C.M.R. § 7.07(2).

g.    Defendants' assessment of Attorneys' Fees and Court Costs is a representation that an existing obligation of a tenant may be increased by the addition of attorneys' fees when in fact such fees or charges may not legally be added to the existing obligation in violation of 940 C.M.R. § 7.07(6).

h.    Defendants' assessment of Attorneys' Fees and Court Costs to tenants as falsely legally due and owing is a violation of 940 C.M.R. § 7.07(8).

i.   Defendants' assessment of Attorneys' Fees and Court Costs to tenants when such fees are not permitted by law or authorized by an agreement creating the debt is a violation of 940 C.M.R. § 7.07(16).

j.   Defendants' assessment of Attorneys' Fees and Court Costs to tenants by representing them as legally due and owing is an unfair, deceptive, or unreasonable practice in violation of Mass. G. L. 93, § 49.

k.   Defendants' assessment of Attorneys' Fees and Court Costs to tenants is generally unfair and deceptive in violation of C.M.R. § 3.16(1) and the general statutory prohibition on unfair and deceptive practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Class, and Sub-Classes respectfully request this Court to:

1. Enter an order certifying this case as a class action and designation of Lisa Almeida as representative of the Class and the Sub-Classes together with designation of her counsel as counsel to the Class and the Sub-Classes;

2. Enter a declaratory judgment that the practices and policies complained of herein are unlawful and violate Mass. Gen. Laws c. 93A § 9;

3. Enter a permanent injunction against the Defendants and their partners, officers, agents, representatives, employees, and successors, and all other persons acting in active concert with them from:

a.   Imposing or collecting Eviction Fees without a judgment in its favor and without an award of such fees by a court or tribunal of competent jurisdiction;

b.   Including an Eviction Fees Clause, or any other similar clause with the same substance by any other language, in any contracts with AvalonBay's residents,

current or future, unless the clause expressly states that Eviction Fees will only be charged if AvalonBay receives a judgment in its favor and an award of such fees by a court or tribunal of competent jurisdiction;

c.  Pursuing any eviction activities against AvalonBay's tenants based on unpaid Eviction Fees (or any other additional charge with the same substance by any other name), including eviction for non-payment of rent where previous payments from tenants were applied as payment for Eviction Fees in a way that, if applied as rent, would bring the tenant current on rent; and,

d.  Pursuing any collection activities or civil collection actions against tenants on the basis of AvalonBay's Eviction Fees where there is no judgment or order by a court of competent jurisdiction that AvalonBay has prevailed in litigation and is entitled to such fees.

4. Award all damages sustained as a result of the Defendants' conduct;

5. Award actual and exemplary (treble) damages for violations of Mass. Gen. Laws. c. 93A, §§ 2 and 9;

6. Award reasonable attorneys' fees, litigation expenses, and costs;

7. Award pre-judgment and post-judgment interest, as provided by law; and

8. Grant such other legal and equitable relief as this Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

October 3, 2025

Lisa Almeida, by her attorneys,

BRYSON HARRIS SUCIU & DEMAY PLLC

*/s/ Scott C. Harris*
Scott C. Harris, BBO #714774
900 W. Morgan Street
Raleigh, North Carolina 27603
Tel:     919-600-5000
Fax:     919-600-5035
sharris@brysonpllc.com

GREATER BOSTON LEGAL SERVICES

*/s/ Courtney Libon*

Courtney Libon, BBO #703004
Kristen Bor-Zale, BBO #705154
GREATER BOSTON LEGAL SERVICES
60 Gore Street, Suite 203
Cambridge, MA 02141
617-603-2711
clibon@gbls.org

LEGAL SERVICES CENTER OF
HARVARD LAW SCHOOL

*/s/ Sean Ahern*
Sean Ahern, BBO #698446
LEGAL SERVICES CENTER OF HARVARD LAW
SCHOOL
122 Boylston St.
Jamaica Plain, MA 02130
Phone Number: (617) 384-0071
sahern@law.harvard.edu

MAGINNIS HOWARD

*/s/ Edward H. Maginnis*
Edward H. Maginnis*
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Tel:     919-526-0450
Fax:     919-882-8763
emaginnis@maginnislaw.com

*to be admitted *pro hac vice*

*Attorneys for Plaintiffs and Putative Class*