**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LISA ALMEIDA, on behalf of herself and all other similarly situated persons,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AVALONBAY COMMUNITIES, INC., et al.,  )<br>)<br>Defendants.  )<br>) | Civil Action No.<br>25-12884-FDS |

**MEMORANDUM AND ORDER ON**
**DEFENDANTS' MOTIONS TO DISMISS**

**SAYLOR, J.**

This is a case alleging unfair practices by a residential landlord.  Jurisdiction is based on diversity of citizenship and the Class Action Fairness Act, 28 U.S.C. § 1332(d).

Plaintiff Lisa Alemida is a tenant at the Avalon at Assembly Row, an apartment building in Somerville, Massachusetts, owned by defendant AvalonBay Assembly Row, Inc., a subsidiary of defendant AvalonBay Communities, Inc.  The standard form lease into which she entered includes a clause providing that if she defaults under the lease, she "agree[s] to pay [defendants] all costs and fees, including attorney's fees, litigation and collection costs that [defendants] incur in enforcing [their] rights under th[e] Lease, to the fullest extent to which [defendants] are entitled to collect such sums from [her] under applicable law."  (Compl., Ex. 2 ¶ 21, Dkt. No. 1-2).  Plaintiff challenges defendants' practice of assessing attorney's fees and court costs prior to a judgment of eviction by a court.  The complaint, which is filed on plaintiff's own behalf and on behalf of a putative class,  asserts claims for breach of contract and violation of Mass. Gen. Laws

ch. 93A.[1]

Defendants have moved under Fed. R. Civ. P. 12(b)(6) to dismiss the Chapter 93A claim for failure to state a claim upon which relief can be granted. For the following reasons, the motion will be denied.

## I.  Background

### A.  Factual Background

The following facts are set forth as alleged in the complaint.

AvalonBay Communities, Inc. has ownership interests in approximately 306 apartment communities in eleven states and the District of Columbia. (Compl. ¶¶ 17, 20, Dkt. No. 1). A subsidiary of AvalonBay Communities, AvalonBay Assembly Row, Inc., owns an apartment building in Somerville, Massachusetts, called "Avalon at Assembly Row." (*Id.* ¶¶ 16-17).

AvalonBay uses a standard form lease for tenants residing in its units in Massachusetts. (*Id.* ¶¶ 23-24). The form lease includes a clause providing that if a tenant defaults on the lease, she "agree[s] to pay [the landlord] all costs and fees, including attorney's fees, litigation and collection costs that [the landlord] incur[s] in enforcing [its] rights under this Lease, to the fullest extent to which [the landlord is] entitled to collect such sums . . . under applicable law." (Compl., Ex. 2 ¶ 21). The complaint alleges that AvalonBay adds the fees to tenants' ledgers as immediately due and owing, whether or not a tenant exercises their right to cure or has valid legal defenses. (*Id.* ¶¶ 27, 30, 38).

On May 1, 2014, Lisa Almeida entered into a lease agreement with AvalonBay Communities, acting as agent of AvalonBay Assembly Row, to rent an apartment at the Avalon at

---

[1] The complaint originally included two additional claims for "voidability" and "unconscionability," which plaintiff voluntarily dismissed on January 23, 2026. (Dkt. No. 15).

Assembly Row.  (*Id.* ¶ 53).  The lease contained AvalonBay's standard clause concerning eviction fees.  (*Id.* ¶ 54).

Almeida periodically failed to pay her rent on time.  The complaint alleges that on at least twelve occasions between 2019 and 2021, AvalonBay added "Legal Costs/Evictions" fees to her ledger.  (*Id.* ¶ 60).  The fees were co-mingled with rent and other charges, and they were not itemized.  (*Id.* ¶ 59, 61).  The complaint further alleges that AvalonBay unilaterally allocated her payments to all past due charges, including both rent and eviction fees, rather than just to rent when she made rent payments.  (*Id.* ¶ 63).  As a result, she contends that she had to pay all past due charges, including eviction fees, to be considered current on her rent.  (*Id.*).  AvalonBay allegedly added the eviction fees before any court determination of reasonable costs and fees, which Almeida contends is unlawful.  (*Id.* ¶ 65).

## B.    **Procedural Background**

Plaintiff filed the complaint on October 3, 2025.  Defendants moved to dismiss Counts 2, 3, and 4 of the complaint for failure to state a claim upon which relief can be granted.  In response, plaintiff voluntarily agreed to dismiss Counts 2 and 3.  The only remaining issue is whether Count 4, which alleges a violation of Mass. Gen. Laws ch. 93A, should be dismissed for failure to state a claim.

## II.    **Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  When determining whether a complaint satisfies that standard, a court must "take the complaint's well-pleaded facts as true, and . . . draw all reasonable inferences in the plaintiff's favor."  *Lowe v. Mills*, 68 F.4th 706, 713 (1st Cir. 2023) (quoting *Frese v. Formella*, 53 F.4th 1, 5 (1st Cir. 2022)) (citation modified).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## III.    Analysis

Chapter 93A declares that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful."  Mass. Gen. Laws ch. 93A, § 2(a).  An "act or practice is unfair if it falls within at least the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and causes substantial injury to consumers."  *Walsh v. TelTech Sys., Inc.*, 821 F.3d 155, 160 (1st Cir. 2016) (internal quotations omitted).  The scope of Chapter 93A is "extremely broad[ ]."  *Butler v. Sigma-Aldrich, Inc.*, 2006 WL 8458677, at *5 (D. Mass. Aug. 31, 2006).  Accordingly, "whether or not particular conduct violates Chapter 93A is generally determined on a case-by-case basis."  *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 775 F.3d 109, 117 (1st Cir. 2014).

### A.    The Chapter 93A Claim Is Not Duplicative of the Breach of Contract Claim

Defendants first contend that the Chapter 93A claim should be dismissed because it is duplicative of the breach-of-contract claim.

4

A breach of contract, without more, does not constitute an unfair or deceptive practice within the meaning of Chapter 93A.  *See Nicosia v. Burn, LLC*, 496 Mass. 792, 800 (2025).  A breach can, however, rise to the level of a Chapter 93A violation where the conduct is nonetheless "within at least the penumbra of some common-law, statutory, or other established concept of unfairness or is immoral, unethical, oppressive, or unscrupulous."  *Id.* (quoting *Massachusetts Farm Bureau Fed'n, Inc. v. Blue Cross of Mass., Inc.*, 403 Mass. 722, 729 (1989)) (citation modified).

In substance, defendants argue as follows.  The lease provides that plaintiff agrees to pay costs, including attorney's fees and other eviction fees, "to the fullest extent" permitted "under applicable law."  (Compl., Ex. 2 ¶ 21).  Plaintiff contends that defendants were not permitted, under Massachusetts law, to charge the relevant eviction fees where they had not been assessed by a court.  (*E.g.*, Compl. ¶¶ 33-35).  If those fees were not permitted "under applicable law," defendants' attempt to assess them constituted a breach of the contract.  And because a mere breach of contract does not violate Chapter 93A, defendants reason, the claim for violation of Chapter 93A must be dismissed.

This argument, however, goes too far.  Bringing a Chapter 93A claim has obvious advantages for a plaintiff, including the ability to recover attorney's fees and up to treble damages.  *See, e.g.*, *Exhibit Source, Inc. v. Wells Ave. Bus. Ctr., LLC*, 94 Mass. App. Ct. 497, 497 (2018).  Under defendants' theory, a party to a contract could preclude any Chapter 93A liability arising out of its contractual dealings by always including a clause that says, in essence, "We will not do anything illegal."  Then, if that party did anything illegal, those acts would simply breach the contract between the parties, and a plaintiff could only recover contractual damages, rather than the broader remedies available under Chapter 93A.

It is true that a simple breach of contract generally does not give rise to Chapter 93A liability, but that is because the mere act of breaching a contract is generally not an "unfair or deceptive act[] or practice[]." Mass. Gen. Laws ch. 93A, § 2. It is the nature of the acts at issue, not their legal significance, that is relevant to the analysis under Chapter 93A. And claims for breach of contract and violation of Chapter 93A may, under some circumstances, be based on the same factual predicate. *See Commercial Union Ins. Co. v. Seven Provinces Ins. Co.*, 217 F.3d 33, 35 (1st Cir. 2000); *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 470, 475 (1991).

For those reasons, the Chapter 93A claim is not necessarily duplicative of the breach of contract claim, and the Court will not dismiss Count 4 on that basis.

**B.      The Complaint States a Claim for Violation of Chapter 93A**

Turning to the substance of the Chapter 93A claim, there are two ways a plaintiff can show a violation of Chapter 93A. First, a plaintiff can show that a defendant's conduct violated a regulation or statute defining acts which are *per se* unfair or deceptive. *See Casavant v. Norwegian Cruise Line Ltd.*, 460 Mass. 500, 504-05 (2011); *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 775 F.3d 109, 116 (1st Cir. 2014). If there is no on-point regulation or statute, a plaintiff can show that the challenged conduct "is within at least the penumbra of some common-law, statutory, or other established concept of unfairness or is immoral, unethical, oppressive, or unscrupulous." *Nicosia*, 496 Mass. at 800.

Starting with the first route, plaintiff contends that defendants' practices violate state regulations governing the landlord-tenant relationship, 940 C.M.R. § 3.17; regulations governing debt collection, 940 C.M.R. § 7; the debt-collection statute, Mass. Gen. Laws ch. 93, § 49; and the security-deposit statute, Mass. Gen. Laws ch. 186, § 15B.

Beginning with the landlord-tenant regulations, plaintiff contends that defendants violated 940 C.M.R. § 3.17(6)(c), which makes it an unfair or deceptive practice for a landlord to

"[r]etain as damages for a tenant's breach of lease, [or] the failure of a prospective tenant to enter into a written rental agreement after signing a rental application, any amount which exceeds the damages to which he is entitled under the law, or an amount which the parties have otherwise agreed as to the amount of the damages."  That provision, however, explicitly allows a landlord to retain as damages "an amount [to] which the parties have . . . agreed."  *Id.*  And whether the agreement as to the fees at issue is valid turns on whether defendants were entitled to collect them under Massachusetts law.  Accordingly, this regulation does not, by itself, establish whether defendants were permitted to assess the fees at issue.

Next, plaintiff contends that defendants violated 940 C.M.R. § 7.07(2), (6), (8), and (16). Those provisions prohibit making "[a]ny knowingly false or misleading representation in any communication as to the character, extent, or amount of the debt, or as to its status in any legal proceeding," 940 C.M.R. § 7.07(2); making "[a]ny representation that an existing obligation of a debtor may be increased by the addition of attorney's fees . . . services fees, or any other fees or charges, if in fact such fees or charges may not legally be added to the existing obligation," *id.* § 7.07(6); making "[a]ny false, deceptive, or misleading representation, communication, or means in connection with the collection of any debt or to obtain information concerning a debtor," *id.* § 7.07(8); and "[t]he collection of any amount (including interest, fees, charges or expenses incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," *id.* § 7.07(16).[2]  Again, whether defendants' practice violates those provisions turns on whether it "may . . . legally be added" to plaintiff's debt, or whether it is "permitted by law."

---

[2] The regulations at 940 C.M.R. § 7 apply to the landlord-tenant relationship because they define "debt," in relevant part, as "money . . . which is . . . more than 30 days past due and owing . . . as a result of a . . . lease . . . of . . . real . . . property, for personal, family or household purposes."  940 C.M.R. § 7.03.

Turning next to the debt-collection statute, in addition to several specific provisions concerning communications between creditors and debtors, the statue prohibits the collection of debt "in an unfair, deceptive, or unreasonable manner."  Mass. Gen. Laws ch. 93, § 49.  But the question of whether defendants' attempt to collect these fees from plaintiff was "unfair or deceptive" is the same question as whether the complaint states a claim for violation of Chapter 93A.  Accordingly, the complaint does not plead a *per se* violation of Chapter 93A based on violation of the debt-collection statute.

Finally, the security-deposit statute, Mass. Gen. Laws ch. 186, § 15B, similarly does not establish a *per se* violation of Chapter 93A here.  First, the complaint does not include allegations concerning violation of the security-deposit statute as a basis for the Chapter 93A claim.  Second, and in any event, the eviction fees assessed to plaintiff were not "a demand for rent in advance or for an additional security deposit," and therefore do not fall within the scope of the security-deposit statute.  *See Flemming v. Greystar Mgmt. Servs., L.P.*, 100 Mass. App. Ct. 469, 474 (2021).

For those reasons, the complaint does not appear to allege a *per se* violation of Chapter 93A.  But a claim under the statute may also be based on conduct by a defendant that "is within at least the penumbra of some common-law, statutory, or other established concept of unfairness or is immoral, unethical, oppressive, or unscrupulous," *Nicosia*, 496 Mass. at 800 (citation modified), and that it "cause[d] substantial injury to consumers," *Walsh*, 821 F.3d at 160 (quoting *PMP Assocs. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975)).  "Under Chapter 93A, an act or practice is deceptive 'if it possesses a tendency to deceive' and 'if it could reasonably be found to have caused a person to act differently from the way he or she otherwise would have acted.'" *Walsh*, 821 F.3d at 160 (quoting *Aspinall v. Phillip Morris Cos.*, 442 Mass. 381, 394 (2004)).

The Massachusetts Appeals Court has held that requiring a tenant to pay "constable fees" (the cost of having a notice to quit served on a tenant who fails to pay rent on time) before a judgment of eviction has entered is an unfair and deceptive practice under Chapter 93A. *Commonwealth v. Chatham Dev. Co.*, 49 Mass. App. Ct. 525, 527 (2000).  And another session of this court has found that, under some circumstances, "it is plausible that assessing legal fees" against a tenant "prior to a court judgment falls 'within at least the penumbra' of a common law 'concept of unfairness.'"  *Cordeiro v. Grep Atl., LLC*, 2025 WL 889460, at *3 (D. Mass. Mar. 21, 2025).

The practices alleged by the complaint here fit within that framework.  The complaint alleges that defendants' practice was to simply add certain fees to tenants' rent ledgers as "Legal Costs/Evictions" without further specificity.  (Compl. ¶ 58).  Because these charges were included among other rent and non-rent charges, plaintiff believed that she would be evicted if she did not pay these fees.  (*Id.* ¶¶ 59, 62).  And the complaint further alleges that plaintiff understood defendants to have a policy of allocating payments to all outstanding charges, including the "Legal Costs/Evictions," rather than first allocating such payments to past-due rent. (*Id.* ¶ 63).  As alleged, such practices fall within the penumbra of a common law concept of unfairness, and are therefore sufficient to state a claim for violation of Chapter 93A.  *See Nicosia*, 496 Mass. at 800.

Defendants' attempt to distinguish this case from *Cordeiro* is unavailing.  *Cordeiro* included a lease provision providing that the landlord would be entitled to "reimbursement for any and all attorney's fees and/or litigation costs/expenses" in the event a tenant defaulted. *Cordeiro*, 2025 WL 889460, at *1.  This case is different, defendants contend, because the lease provision at issue only allows the collection of costs and fees "to the fullest extent to which

9

[defendants] are entitled to collect such sums . . . under applicable law." (Compl., Ex. 2 ¶ 21). But the unfairness in *Cordeiro*, as here, arose from *when* the costs and fees were assessed, not *what* fees were sought: after all, a landlord would never be able to obtain a court judgment for fees and costs it could not legally collect. Therefore, the fees assessed here are relevantly similar to the fees assessed in *Cordeiro*, and the Court will follow *Cordeiro*'s reasoning and find that the complaint alleges unfair or deceptive practices that violate Chapter 93A.

Accordingly, the complaint states a claim upon which relief can be granted for violation of Chapter 93A, and the motion to dismiss Count 4 will be denied.

## IV.    Conclusion

For the foregoing reasons, defendants' motion to dismiss is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV

Dated:  August 5, 2026                       United States District Judge

10